UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-14051-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONATHAN MARCUS WINTERS,

    Defendant.
_____/



FILED by _____ D.C.

NOV - 1 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR NEW TRIAL [D.E. #55]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion as well as the government's response, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    The Plaintiff's motion seeks a new trial in this case. This Court points out that the Defendant actually entered a plea of guilty in this case before Judge Moore on November 8, 2004. The Defendant was originally indicted for a charge of possession with intent to distribute five grams or more of cocaine base and was arraigned on that charge on or about August 26, 2004. A Superseding Indictment was thereafter returned on or about November 4, 2004, charging the Defendant with possession with intent to distribute a detectable amount of cocaine base. The Superseding Indictment actually removed the weight of the cocaine base from the charges against the Defendant.

    2.    The Defendant claims he was not arraigned on the Superseding Indictment. This Court has reviewed the transcript of the change of plea hearing which the Defendant attaches to his motion. Judge Moore did arraign the Defendant by advising him of the

charges in the Superseding Indictment at the time of the Change of Plea Hearing on November 8, 2004 when Judge Moore accepted the Defendant's guilty plea to the charges pending against him. The Defendant was thereafter sentenced on or about January 25, 2005.

3. The Defendant filed a Notice of Appeal on or about January 28, 2005. The Eleventh Circuit Court of Appeals affirmed the Defendant's conviction and sentence <u>per curiam</u> by Opinion entered March 27, 2006.

4. On or about November 20, 2006, the Defendant filed a Motion For Relief Pursuant to Title 28 U.S.C. 2255. United States Magistrate Judge White recommended, by way of Report and Recommendation, that the motion be denied. Judge Moore adopted Magistrate Judge White's Report and Recommendation by way of Order entered May 31, 2007.

5. The present Motion For New Trial alleges six basic grounds. They are:

(1) That the Defendant was not arraigned on the Superseding Indictment.

(2) That there is no factual basis on the record that the Defendant understood the nature of the charges pending against him.

(3) That the Court had no subject matter jurisdiction over the Superseding Indictment since he was not arraigned on that charge.

(4) That the Superseding Indictment did not include the weight of the cocaine base and therefore his sentencing was defective.

(5) That there were errors in the Pre-Sentence Investigation concerning his prior convictions.

(6) That he should have been indicted on all charges within thirty days of his arrest and therefore the Superseding Indictment was

defective since it was returned more than thirty days after his arrest.

6. The Defendant's Motion For New Trial is barred procedurally. This Court will address those procedural bars first and then will address the merits of each of the grounds alleged by the Defendant so that the District Court has the benefit of a complete review.

7. The Defendant's Motion For New Trial is time barred. There are only two circumstances upon which a District Court may grant a new trial. The first is if there is newly discovered evidence, then a motion must be filed within three years of any verdict. The Defendant does not claim entitlement due to new evidence. For any other reason, any motion for new trial must be filed within seven days of the verdict. See United States v. Campa, 459 F.3d 1121 (11th Cir. 2006). This Court considers the Judgment and Sentence of Judge Moore rendered on January 25, 2005 to be the verdict or judgment in this case. The present Motion For New Trial filed on or about September 17, 2007, is more than seven days after Judge Moore rendered his Judgment and Sentence in this case. Therefore, the present motion is time barred.

8. The second procedural bar to the Defendant's Motion For New Trial is that he cannot file successive motions for habeas corpus relief. He has previously filed a motion pursuant to 28 U.S.C. 2255 which alleged ineffective assistance of counsel at the trial level. Part of his arguments within that §2255 motion alleged that his counsel did not ensure that a factual basis existed to support his guilty plea. Further, in his §2255 motion, the Defendant also made claims that his sentencing was improper in that the District Court went beyond the statutory definitions of prior arrests and considered facts from other sources in enhancing his sentence.

3

9.   The Defendant's previous §2255 motion also alleged that his guilty plea was not entered knowingly and intelligently, and that he was not properly informed as to the elements and the nature of the offense in the Superseding Indictment. The Defendant claimed in his motion that the change of plea colloquy by Judge Moore did not adequately inform him of the charges against him. The remaining claim in his §2255 motion alleges ineffective assistance of counsel on appeal, which is not in issue here.

10.   The habeas motion was denied by Judge Moore adopting Magistrate Judge White's Report and Recommendation. It is clearly seen that the Defendant has already argued in his previous §2255 motion five of the same six grounds that he raises here in his Motion For New Trial. He has previously argued in his §2255 motion that he was not arraigned on the Superseding Indictment, that he was not advised of the proper factual basis for the charges, that the Court did not have subject matter jurisdiction over him because of the failure to arraign, that the Superseding Indictment did not include the weight of the cocaine base and that there were errors in the PSI concerning his prior convictions which were inappropriately considered by Judge Moore at the time of sentencing. The only ground which this Court sees that the Defendant raises in this Motion For New Trial which was not raised in his §2255 motion is his claim that the Superseding Indictment should have been returned against him within thirty days of his arrest.

11.   This Court has also reviewed the decision of the Eleventh Circuit Court of Appeals on the Defendant's direct appeal. His appeal only argued deficiencies in the Defendant's sentencing as well as the District Court's consideration of the Defendant's criminal history and the underlying facts of prior his convictions and criminal conduct. The

Eleventh Circuit Court of Appeals rejected those arguments by affirming the Judgment and Sentence. The Defendant's sentence was found to be reasonable.

12.    This Court points out that even if the Defendant attempted to have this Court consider this Motion For New Trial as a motion to vacate under §2255, it cannot do so. The Defendant cannot seek relief pursuant to 28 U.S.C. 2255 for habeas corpus relief in vacating a federal conviction unless he raised those same claims on direct appeal. If such a challenge to a conviction or sentence is not made on direct appeal it is procedurally barred. United States v. Montano, 398 F.3d 1276 (11th. Cir. 2005).

13.    In this instance, the Defendant's direct appeal addressed solely his sentencing issues. His subsequent §2255 motion expanded that and actually argued ineffective assistance of counsel in which he raised five of the six grounds he raises in the present Motion For New Trial. The sixth ground, as noted above, was not raised on either direct appeal nor in his previous habeas motion. Nevertheless, the Defendant is procedurally barred from bringing a successive §2255 petition based upon the record before this Court. In re Dean, 341 F.3d 1247 (11th Cir. 2003). Therefore, consideration of this Motion For New Trial as a second habeas motion is barred procedurally.

14.    As a result of the foregoing, it is clear that the Defendant had the opportunity and did appeal his sentence. He had the opportunity on direct appeal to make the same arguments he makes here concerning his sentence. Likewise, the Defendant was given an opportunity in his §2255 motion to make the same arguments he makes here with the exception of the new argument concerning his not being indicted within thirty days on the Superseding Indictment.

15. The Court will now address the merits of each ground raised in the present Motion For New Trial. The Defendant's first ground alleges he was not arraigned on the Superseding Indictment. The Court disagrees and finds that the transcript of the Change of Plea Hearing, which the Defendant attaches to his motion, clearly establishes that he was advised of the charges against him in the Superseding Indictment as well as the possible penalties he was facing. The fact that the Defendant was provided with a copy of the Superseding Indictment prior to pleading guilty gives rise to a presumption that the Defendant was informed of the nature of the charges against him. Bousley v. United States, 523 U.S. 614 (1998). Here, this Court does not need to rely only on presumptions. The fact is that the Defendant was present with counsel and advised of the charges and the possible penalties he was facing by Judge Moore during the change of plea colloquy. When asked if he had received a copy of the Superseding Indictment and if he had fully discussed those charges with his attorney, the Defendant answered yes. He was arraigned on those charges by the Court advising him of the charges and he acknowledged to Judge Moore under oath that he understood the charges and had discussed them with his attorney. This disposes of both grounds one and two of his Motion For new Trial.

16. Further, on page 6 of the transcript of the Change of Plea Hearing, counsel for the government stated a detailed factual basis concerning the evidence the government would introduce if the case had gone to trial. This factual basis included all of the essential elements of the crimes with which he was charged and specifically stated that the weight of the cocaine base was 3.7 grams. When asked by the Court whether the factual basis was correct, the Defendant responded yes. Therefore, the Defendant cannot now claim

that there was no factual basis for him to enter his guilty plea based upon his alleged lack of understanding of the nature of the charges against him.

17.     The Defendant's third ground in his motion alleges that the District Court had no subject matter jurisdiction because he was not arraigned on the Superseding Indictment. This Court's finding that he was arraigned in accordance with the Supreme Court decision in <u>Bousley,</u> supra, disposes of this ground as well.

18.     The Defendant's fourth ground alleges that the Superseding Indictment did not include the weight of the cocaine base and therefore his sentencing was defective. The Defendant was charged in the Superseding Indictment with possession with intent to distribute a detectable amount of cocaine base. A specific amount need not be alleged in the Indictment. The specific amount was stated during the statement of factual basis by the government as mentioned herein. Additionally, these matters were argued before Judge Moore at sentencing and are reflected in the objections to the Pre-Sentence Investigation filed by counsel for the Defendant [D.E. #35]. The Defendant raised these very same issues concerning his sentencing on direct appeal. The judgment and conviction and the sentence imposed by Judge Moore have been affirmed on appeal.

19.     The fifth ground alleged by the Defendant claims errors in the PSI concerning his prior convictions. These same issues were addressed at the time of his sentencing and were addressed in the Defendant's objections to the Pre-Sentence Investigation. These same arguments were made on direct appeal and dismissed by the Eleventh Circuit Court of Appeals in its per curiam affirmance of Judge Moore's Judgment and Sentence. Further, these matters were argued within the Defendant's §2255 motion. Based upon all of the

foregoing, there is no factual basis to support the fourth and fifth grounds alleged in his Motion For New Trial.

20.     This Court notes that the Defendant's guilty plea was unconditional. By entering a voluntary, unconditional guilty plea, the Defendant waived all non-jurisdictional defects in the proceedings. United States v. Aguilar, 196 Fed. Appx. 837 (11th Cir. 2006). The Defendant cannot collaterally attack any of his prior convictions unless he establishes that the convictions of which he complains were obtained in violation of the law. See United States v. Phillips, 120 F.3d 227 (11th Cir. 1997) and Nerius v. United States, 2007 WL 2904157 (S.D. Fla. 2007). The Defendant presents no such factual basis nor makes any such argument.

21.     Finally, this Court addresses the sixth ground raised by the Defendant in his motion which claims that the Superseding Indictment was returned more than thirty days after his arrest. The Defendant misconstrues the applicable statute of limitations with the statute governing the Speedy Trial Act. A superseding indictment which is issued more than thirty days after his arrest, but before the original indictment is dismissed, does not violate the Speedy Trial Act. The applicable statute of limitations governs the time limit within which a defendant, who is already indicted, may be charged with additional crimes by a superseding indictment. The Superseding Indictment in this case was returned well within the applicable statute of limitations for the crimes with which the Defendant was charged. The Speedy Trial Act does not guarantee that a defendant indicted within thirty days of his arrest must be indicted on every possible crime known to the government within that thirty day period. In short, as stated by the Eleventh Circuit Court of Appeals, the Speedy Trial Act is not a statute of limitations. United States v. Mosquera, 95 F.3d 1012

(11th Cir. 1996). The fact that the Superseding Indictment was returned against the Defendant more than thirty days after the Defendant's arrest does not bar the government from proceeding. Clearly, the pro se Defendant is confusing the statutes relating to arraignment with the statute governing speedy trial. As noted above, the government originally indicted the Defendant within thirty days of his arrest. The government could then later supersede the original indictment well after the thirty day period following the Defendant's arrest as long as it was within the applicable statute of limitations.

22. Based upon all of the foregoing, this Court finds that the Defendant's Motion For New Trial is procedurally barred. Alternatively, the Defendant has not established any factual basis to support any of the grounds argued in his Motion For New Trial.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion For New Trial [D.E. #55] be **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this ___5___ day of November, 2007, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore

AUSA Beth Sreenan

Jonathan Marcus Winters
Reg. No. 75021-004
U. S. Penitentiary Hazelton
Box 2000
Bruceton Mills, West Virginia 26525